IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT <br><br> JURY TRIAL DEMAND |
| R&R JANITORIAL, PAINTING AND BUILDING SERVICES, INC. d/b/a R&R BUILDING SERVICES, INC., | ) ) ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, Maria Ulloa, and a class of aggrieved Hispanic employees whose rights secured by Title VII were violated by R&R Janitorial, Painting and Building Services, Inc. d/b/a R&R Building Services, Inc. ("Defendant") when Defendant fired them effective April 27, 2018, and deprived them of employment opportunities including transfer, reassignment, hire and/or rehire.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4.      At all relevant times, Defendant has continuously been doing business in the District of Columbia and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, charges of discrimination were filed with the Commission alleging that Defendant violated Title VII when it discriminated against Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, Maria Ulloa, and other Hispanic employees.

7.      On February 12, 2021, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission issued to Defendant Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

10.      Since at least January 1, 2018, and continuing, Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 when it discriminated against Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, and Maria Ulloa, who are Hispanic persons of El Salvadoran, Guatemalan, or Honduran national origin, and a class of aggrieved Hispanic employees, when Defendant fired them effective April 27, 2018, and deprived them of employment opportunities including transfer, reassignment, hire and/or rehire.

(a)      EEOC seeks relief for the persons identified in Paragraph 10 whose rights secured by Title VII were violated when Defendant discriminated against them because of race and national origin, as described herein and below.

(b)      Defendant provides building maintenance services for state and federal government entities. At all relevant times, Defendant has employed persons in various

maintenance positions, including those involved in cleaning, trash collecting, and similar capacities (hereinafter "janitors" or "janitorial services").

(c)     At all relevant times, Defendant has provided services, including janitorial services, for buildings/worksites that Defendant describes as Department of State ("DOS"), Department of Labor ("DOL"), the Pentagon, and Citywide.

(d)     On or about October 1, 2013, Defendant took over a federal contract to provide janitorial services at the Harry S. Truman Building ("HST") in Washington, D.C. which Defendant describes as a DOS building/worksite.

(e)     Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, Maria Ulloa, Miriam Ayala-Oporto, Inmar Correas, and Karla Mendez worked as janitors at the HST before Defendant took over a federal contract to provide janitorial services at the building.  These individuals became employed by Defendant on or about October 1, 2013, when Defendant took over the HST federal contract.

(f)     On or about March 2018, Defendant conferred with DOS concerning modifications to the contract for services Defendant was to provide at the HST.

(g)     DOS did not recommend or require that Defendant terminate any janitors at the HST.

(h)     Effective April 27, 2018, Defendant terminated 16 Hispanic persons who had been working at the HST, including Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara,

Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, Maria Ulloa, Miriam Ayala-Oporto, Inmar Correas, and Karla Mendez.

(i)      The decision to terminate janitors from the HST was made entirely by Defendant and without involvement by DOS.

(j)      The decision about which janitors to terminate from the HST, including those identified in Paragraph 10(h), was made entirely by Defendant and without involvement by DOS.

(k)      At all relevant times, Larry Westfall has been the Vice President of Defendant and his role has included overseeing operations, supervising Defendant's employees, interacting with federal government and other representatives, and deciding who to hire and fire.

(l)      Westfall identified the janitors in Paragraph 10(h) to be terminated.

(m)      Westfall called the terminations described in Paragraph 10(h) a "layoff," and he said that it was his decision "who to lay off."

(n)      On April 27, 2018, Defendant held a meeting and said, among other things, that janitors terminated from the HST effective April 27, 2018 were chosen for termination because they had inferior seniority when compared to the janitors at the HST who were retained.

(o)      Defendant's alleged use of seniority to terminate janitors is a pretext and otherwise constitutes discrimination because, even if seniority status was used, it was determined, applied, and/or considered in a discriminatory manner.

(p)      According to Defendant, seniority status for janitors working at the HST is defined as the length of time a janitor has been working in the building, and not how long

5

a janitor has been employed by Defendant or any other contractor who has assumed responsibility for providing janitorial services at the HST.

(q)     According to Defendant's records, of the Hispanic janitors who were terminated effective April 27, 2018, at least 10 of them had been working at the HST for at least 10 years and some had been working there for nearly 20 years before they were fired.

(r)     According to Defendant's records, the company retained or continued to employ janitors at the HST, including non-Hispanic janitors, who had inferior seniority when compared to the Hispanic janitors who were terminated effective April 27, 2018.

(s)     According to Defendant, the decision about which janitors to terminate effective April 27, 2018, as described above, was not influenced by employee qualifications or abilities and was unrelated to employees' compliance or noncompliance with rules, duties, conduct, performance, or material in employee files.

(t)     Notwithstanding Defendant's assertion described in Paragraph 10(s), Defendant has claimed that the janitors who were fired from the HST effective April 27, 2018 were terminated because they did not have an allegedly superior security clearance level.

(u)     Defendant's purported use of clearance level to terminate janitors is a pretext and otherwise constitutes discrimination because, even if clearance level was used, it was determined, applied, and/or considered in a discriminatory manner.

(v)     According to Defendant's records, the company retained or continued to employ janitors at the HST and elsewhere, including non-Hispanic janitors, who did not have the allegedly superior clearance level referenced in Paragraph 10(t).  Moreover,

Defendant terminated Hispanic janitors from the HST even though they had the allegedly superior clearance level.

(w)     Defendant engaged in discriminatory treatment concerning access to and information about the clearance level process, including failing to effectively communicate with employees whose primary language is Spanish about the effective, efficient, and successful use of that process and its relationship, if any, to employment opportunities with Defendant at the HST or Defendant's other buildings/worksites.

(x)     Defendant failed to transfer, reassign, hire and/or rehire aggrieved persons even though Defendant's records show that the company had employment opportunities available for them at or near the time of the terminations effective April 27, 2018, and continuing thereafter.

(y)     Defendant failed to create, disseminate, provide training concerning, and/or enforce employment policies that effectively deter, identify, and remedy prohibited employment discrimination or circumstances that are likely to, without further action, produce or result in prohibited employment discrimination.  Further, Defendant failed to communicate effectively about such matters with persons whose primary language is Spanish.

(z)     In addition to the discrimination described above, additional facts demonstrate that Defendant terminated janitors from the HST because of race and national origin, including but not limited to Defendant: engaging in or tolerating unwelcome and offensive remarks based on race and national origin; attempting to limit, adversely affect, or otherwise disadvantage Hispanic janitors at the HST; belittling Hispanic janitors at the HST and assigning them the most unfavorable tasks; manipulating work assignments and

schedules such that Hispanic janitors at the HST were required to perform more work under more difficult conditions and within a limited time period as compared to non-Hispanic janitors; summarily rejecting concerns raised about disparate treatment by telling Hispanic janitors at the HST that if they were dissatisfied with the working environment, their remedy was to quit; and threatening to replace those who complained about disparate treatment.

11.     The effect of the practices complained of in Paragraph 10 has been to deprive aggrieved persons of equal employment opportunities and otherwise adversely affect their status as an employee because of race and national origin.

12.     The unlawful employment practices complained of in Paragraph 10 were intentional.

13.     The unlawful employment practices complained of in Paragraph 10 were done with malice or with reckless indifference to the federally protected rights of aggrieved persons.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from: firing and failing to reassign, transfer, hire and/or rehire employees on the basis of race and national origin; limiting employment opportunities or otherwise affecting terms, conditions, and/or privileges of employment by assessing employees using discriminatory factors or applying them in a discriminatory manner, such as those allegedly used in retention or employment decisions, work schedules, and assignments; operating without effective policies, training, monitoring, and

incentives to ensure compliance with Title VII; failing to create, disseminate, provide training concerning, and/or enforce employment policies that effectively deter, identify, and remedy prohibited employment discrimination or circumstances that are likely to, without further action, produce or result in prohibited employment discrimination; engaging in practices which dissuade, deter, or chill persons from enjoying or exercising rights secured by Title VII or which punish or retaliate against them for doing so; and engaging in or tolerating unwelcome and offensive remarks based on race and national origin.

   B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanic employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

   C. Order Defendant to make whole Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, and Maria Ulloa, and the class of aggrieved Hispanic employees identified above by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

   G. Order Defendant to make whole Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, and Maria Ulloa, and the class of aggrieved Hispanic employees identified above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to out-of-pocket expenses and medical expenses, in amounts to be determined at trial.

H.      Order Defendant to make whole Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, and Maria Ulloa, and the class of aggrieved Hispanic employees identified above by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.      Order Defendant to pay Reina D. Amaya, Cesar Arriola, Sandra I. Canales, Jose Grande, Lillian Gonzalez, Blanca D. Guardado, Maria Guardado, Isabel Guevara, Fanny Lopez, Jose F. Maltez, Bertha Mendoza, Ana Sanchez, and Maria Ulloa, and the class of aggrieved Hispanic employees identified above  punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

J.      Grant such further relief as the Court deems necessary and proper in the public interest.

K.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN Y. REAMS
Acting General Counsel

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office

/s/ *Kate Northrup*
KATE NORTHRUP
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, 14th Floor
Baltimore, MD 21201
kate.northrup@eeoc.gov
T: (410) 801-6702

/s/ *Dylan T. Cowart*
DYLAN T. COWART
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, 14th Floor
Baltimore, MD 21201
dylan.cowart@eeoc.gov
T: (443) 220-1852